**Buster ROBERTS et al., Appellants,**

**v.**

**TENNESSEE–VIRGINIA CONSTRUCTION COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

Dan Jack Combs, Ronald W. May, Combs & May, Pikeville, for appellants.

Jack T. Page, Stephens, Combs & Page, Pikeville, for appellee.

STEWART, Judge.

This appeal questions the correctness of a judgment of the circuit court which set aside an order of the Workmen's Compensation Board (herein referred to as "the board"). The board's order overruled a motion, filed under KRS 342.125 by the employer, to reopen and review an "open end" agreement made by it with one of its employees.

The essential facts in this case are not in dispute. On June 6, 1962, Buster Roberts, while working for appellee, Tennessee-Virginia Construction Company, fell approximately 30 feet, struck a protruding crosstie and sustained severe back and head injuries. Following the accident, the parties entered into an open end agreement under the terms of which Roberts was entitled to draw compensation benefits for total and permanent disability. This agreement was approved by the board on August 21, 1962, under the provisions of KRS 342.-265.

On September 13, 1963, appellee filed its motion, pursuant to KRS 342.125, to reopen and review the award. In support of this motion it tendered the medical reports of Dr. W. C. Hambley, of Pikeville, and Dr. W. C. Roland, of Ashland. These reports, which were taken by depositions, will be discussed in detail hereinafter. Roberts did not testify; in fact, he introduced no evidence to counter the testimony of the two doctors.

On August 3, 1964, the board entered an order overruling the motion asking for the reopening and review of the award. An appeal was taken to circuit court where the board's order was set aside. It was held there, under the evidence appearing in the record, that Roberts had undergone a change since the open end agreement was consummated. The case was remanded to the board for a hearing.

Under its power to review orders of the Workmen's Compensation Board, was the circuit court authorized under the facts presented to set aside the opinion of the board that Roberts was still totally and permanently disabled?

Dr. W. C. Hambley has been Roberts' treating physician since his accident on June 6, 1962. In his fall Roberts received a severe laceration to his nose, causing a proliferation of nasal tissue which gave this organ a large and bulky appearance. This condition will be permanent. Roberts also suffered a compression fracture of the sixth dorsal vertebra. Local tenderness in the middorsal or interscapular area resulted. A back brace was prescribed to be worn. In December, 1963, Dr. Hambley believed Roberts had reached his maximum recovery and he authorized his return to work on December 30, 1963.

Considering the nature of Roberts' employment at the time of his injury, Dr. Hambley was of the opinion that he had five percent disability due to the injury to his nose, and in addition had "not less than twenty percent disability" as a result of his compression fracture. However, this

physician testified Roberts told him he was unable to perform labor of any kind because of persistent pain in his neck and back; and speaking of his pain factor, Dr. Hambley said: "Now, if his pain is bona fide, that being a subjective symptom, I can't vouch for his pain. If his pain is bona fide, then he has more disability than that. The whole thing is being able to evaluate his pain."

Dr. W. C. Roland, an orthopedic surgeon, examined Roberts at the request of Dr. Hambley. These examinations were made on September 24, 1962, on February 25, 1963, and on April 13, 1964. After his last visit to him, Dr. Roland made this disability evaluation of Roberts' injuries:

"In the opinion of this examiner, Mr. Roberts is able to work, does not need a brace and is in no need of further medical supervision or treatment. In addition, I feel his permanent partial disability is as previously calculated; fifteen to twenty percent to the body as a whole on a permanent basis. However, I do not feel that this degree of disability will significantly impair his earning a living at his regular occupation."

There is no evidence in the record before us—medical or lay—which challenges in any respect the opinions of Dr. Hambley and Dr. Roland. Indeed, the testimony of these two doctors conclusively establishes the fact that Roberts is no longer totally disabled. It should be borne in mind, also, that the board has no other testimony before it, for the reason that the award to Roberts was initially agreed to by the parties. It is true Roberts complained to Dr. Hambley of aching between his shoulder blades. Even so, Dr. Roland thought this trouble could be reduced, if not eliminated, by certain exercises and through the use of "minimal medication." As a result of his last examination, he was of the opinion that Roberts was able to resume his usual occupation.

We find, as did the circuit court, that the order of the board under consideration "is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record." See KRS 342.285(3)(d), as amended in 1964.

Wherefore, the judgment is affirmed.